UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GOJO INDUSTRIES, INC | ) | CASE NO.  5:12CV1452 |
| Plaintiff, | ) | |
| vs. | ) | |
| THE MAN CAN, LLC, | ) | **ORDER** |
| Defendant | ) | |

This matter is before the Court on Plaintiff's motion for a damage award.  On November 28, 2012, this Court granted Plaintiff's motion for default judgment and permanent injunction. In that Order, the Court ordered Defendant to provide Plaintiff with an accounting for its sales. In February of 2013, Plaintiff requested an extension of time to request hearing on damages, asserting that Defendant had failed to provide the accounting.  This Court granted the motion, and similarly granted Plaintiff's motion to proceed on the written record.  Plaintiff has submitted its motion supported by two declarations.

In its complaint for patent infringement, Plaintiff alleged Defendant infringed its patent, and that the infringement was "willful, intentional, and in conscious disregard of GOJO's rights." Despite service of the complaint, Defendant never appeared in this case, and thus the Court granted Plaintiff's motion for default judgment.  On the issue of damages, Plaintiff asserts that the damage amount in this case is clear from the declarations of Timothy Cleary and Amanda Kitzberger.  It asserts that it is entitled to compensatory damages in the amount of a reasonable royalty and exemplary damages as a consequence of Defendant's willful infringement.  Plaintiff requests a total damage award in this case in the amount of $103,831.74, which is three times its actual damage of $34,610.58.

1

Pursuant to 35 U.S.C. 284,

> "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
> When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed. Increased damages under this paragraph shall not apply to provisional rights under section 154(d)."

Upon review of Plaintiff's motion and its supporting documents, this Court concludes that it has presented sufficient evidence as to the amount of actual damages in this case.  The attached declarations assert that they are made with personal knowledge of the facts in this case.  Specifically, Kitzberger, Associate Legal Counsel for GOJO Industries, asserts that Plaintiff has previously enforced the exact patent at issue in this case through other litigation and the litigation was substantially identical to the present litigation.  The litigation was settled with a royalty rate of 5.9%.  Therefore, Kitzberger attests that 5.9% constitutes a reasonable royalty. Cleary, the Sales Vice President of GOJO Industries, Inc., attests that he has observed that the accused products were sold through the retail outlets of Big Lots and Five Below and that he monitored the availability of these products over a course of time.  He concluded that based upon his observation and knowledge, the total number of units that Defendant would have sold to Big Lots and Five Below would have been 977,700 units.  Accordingly, Plaintiff asserts that it is damaged in the form of a reasonable royalty in the amount of $34,610.58, which constitutes the units sold by the 5.9% reasonable royalty.  The Court agrees with this calculation.

Further, Plaintiff asks this Court to treble the actual damages on the basis that Defendant's infringement was willful. 35 U.S.C. 284.  "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent….If this

threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1371 (Fed.Cir. 2007) (citing *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2215 (2007).

The record supports a conclusion of willful infringement. Plaintiff's complaint states that the patent at issue is a bottle carrier. It asserts that without its consent, Defendant sold bottle carriers that embody the ornamental design as shown and described in the Plaintiff's patent. Specifically, the accused products include Germ Be Gone Hand Sanitizer Gel Bottles with Silicon Holders. In its complaint, Plaintiff asserted that "upon information and belief, Man Can had actual notice of the existence of the '660 patent at the time of the engaging infringing activity." The exhibits attached to the complaint evidence infringement. The products offered for sale by Defendant are virtually identical to the drawings in Plaintiff's patent. As such, the Court concludes that Defendant acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

Finally, the Court concludes that, based upon the record before this Court, that the infringement was known or should have been known by Defendant. Defendant was properly served with the complaint and acknowledged receipt of the courtesy copy, but chose to never enter an appearance in this case. The Court gave ample time for the Defendant to respond to the allegations at hand, as well as to contest Plaintiff's damage calculation. According to Plaintiff's motion, despite proper service of the complaint, Defendant continued to sell the infringing product up until this Court issued its Default Judgment and Permanent Injunction. It is clear that Defendant was aware of the allegations of infringement and continued to sell the accused

products, only concluding its infringing activity when this Court entered a default judgment. As such, the Court concludes that treble damages are appropriate.

This Court hereby ORDERS that Plaintiff is awarded actual damages in the amount of $34,610.58 and exemplary damages for willful infringement in the amount of $103,831.74. Thus, the total damage award is $138,442.32.

IT IS SO ORDERED.

DATED: September 17, 2013              /s/ John R. Adams
                                       JUDGE JOHN R. ADAMS
                                       UNITED STATES DISTRICT COURT